# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2010

No. 09-20631

Lyle W. Cayce
Clerk

BERIK STIFTUNG,

Plaintiff-Appellant

v.

PLAINS MARKETING, L.P.; PLAINS MARKETING CANADA, L.P.,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before DeMOSS, ELROD, and HAYNES, Circuit Judges.

DeMOSS, Circuit Judge:

Appellant Berik Stiftung, a legal entity organized under the laws of Liechtenstein, appeals the district court's order dismissing its complaint for lack of subject matter jurisdiction.

**I.**

Berik Stiftung alleged in its complaint that Appellees Plains Marketing, L.P. and Plains Marketing Canada, L.P. (collectively "Appellees") purchased assets in a Canadian pipeline without the consent of its true owner, Berik Stiftung. Berik Stiftung sought a declaratory judgment that it was the rightful owner of the interest in the pipeline. Berik Stiftung's complaint states that: 1) Berik Stiftung is "a foreign corporation organized and existing under the laws

of the country of Liechtenstein;" 2) Plains Marketing is "a Texas corporation with its principal place of business in Houston, Texas;" and 3) Plains Marketing Canada is "a corporation organized and existing under the laws of Canada." Berik Stiftung named only itself as the complaining party. Appellees moved to dismiss the compliant alleging, *inter alia*, that because Berik Stiftung and Plains Marketing Canada are both foreign citizens, there is not complete diversity among the parties. Berik Stiftung argued that the citizenship of its beneficiaries, in this case the State of Florida, determines its citizenship for purposes of diversity jurisdiction. The district court found that, because Berik Stiftung was the only named plaintiff and alleged in its complaint that it was "a foreign corporation organized and existing under the laws of the country of Liechtenstein," it was a foreign citizen for purposes of § 1332(a) and there was not complete diversity among the parties. The district court dismissed the complaint without prejudice. Berik Stiftung timely appealed.

## II.

We review de novo the district court's dismissal for lack of subject matter jurisdiction. *Hager v. NationsBank N.A.*, 167 F.3d 245, 247 (5th Cir. 1999). Jurisdictional findings of fact are reviewed for clear error. *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The district court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The party seeking to assert federal jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000. . . and is between—

No. 09-20631

(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a) (2006). "The diversity statute requires 'complete diversity' of citizenship." *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). A federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants. *Id*; *see also Panalpina Welttransport GmBH v. Geosource, Inc.*, 764 F.2d 352, 354-55 (5th Cir. 1985) (existence of aliens on both sides of a dispute destroys diversity jurisdiction).

## III.

This court must determine whether a stiftung created under Liechtenstein law is a foreign citizen for purposes of diversity jurisdiction. This issue is res nova in this circuit.

Berik Stiftung argues that a stiftung is similar to a trust created under United States law, and thus the citizenship of its beneficiaries is determinative for purposes of diversity jurisdiction. The curator of the Berik Stiftung signed a "Consent of the Curator of Berik Stiftung," which authorized Corbett Lenz and Stacie Daley, citizens of the State of Florida, to "represent and bind the Foundation in all business matters within the United States and Canada, including but not limited to the pursuit of any legal actions the Foundation may have." Berik Stiftung argues that this authorization designates Lenz and Daley as beneficiaries of the Stiftung, and because a stiftung is similar to a trust their citizenship is determinative. Appellees argue that Berik Stiftung is a juridical entity created under foreign law and is therefore a foreign citizen pursuant to § 1332(a). Appellees assert that whether a stiftung most closely resembles a trust, or any other entity under United States law, is irrelevant.

In *Puerto Rico v. Russell & Co.*, 288 U.S. 476, 481-82 (1933), the Court was tasked with determining the citizenship of a Puerto Rican entity, a "sociedad en comandita," for diversity jurisdiction. The members of the sociedad were not citizens of Puerto Rico; if the court considered each individual's citizenship it had jurisdiction over the matter. *Id*. at 478. The Court held that the citizenship of a "sociedad en comandita" was determined not by the citizenship of its individual members but by the citizenship of the entity, because under Puerto Rican civil law "the sociedad is consistently regarded as a juridical person." *Id*. at 480-81; *see also United Steelworkers of America, AFL-CIO v. R. H. Bouligny, Inc.*, 382 U.S. 145, 151 (1965) (reasoning that the *Russell* Court was presented with "fitting an exotic creation of [Puerto Rican] civil law, the sociedad en comandita, into a federal scheme which knew it not").

In *Cohn v. Rosenfeld*, 733 F.2d 625, 628 (9th Cir. 1984), the Ninth Circuit had to determine the citizenship of an "anstalt," a legal entity created under Liechtenstein law, for purposes of diversity jurisdiction. Finding *Russell* to be persuasive, *Cohn* looked to the nature of the anstalt under Liechtenstein law to determine whether it was a juridical person. *Id*. at 628-29. *Cohn* held that the court "need not resolve the question of which common law entity anstalts [sic] most nearly resemble." *Id*. at 629. "Section 1332(a)(2) applies to foreign legal entities of all kinds, so long as the entity is considered a juridical person under the law that created it." *Id*. Thus, the relevant inquiry is whether an entity is a "citizen or subject" of a foreign state within the meaning of § 1332(a). *Id*; *see also Autocephalous Greek-Orthodox Church of Cyprus v. Goldberg & Feldman Fine Arts, Inc.*, 917 F.2d 278, 285 (7th Cir. 1990) (holding that a church was "recognized under and by the laws of the Republic of Cyprus as a distinct juridical entity" and thus was a "citizen or subject" of a foreign state for purposes of § 1332).

Under Liechtenstein law, a stiftung is a "juristische Person," or juridical person, and is a legally and economically independent entity. *See* Personen- und Gesellschaftsrecht [PGR] [Persons and Companies Code] of 1926, art. 552, § 1 (Liechtenstein); *see also* PETER MARXER, ET AL., COMPANIES AND TAXES IN LIECHTENSTEIN 87 (11th ed. 2003) ("A [stiftung] can be defined as a fund endowed for a specific purpose which becomes autonomous and acquires the status of a legal person."). "The autonomous fund is separated from the founder's personal assets and then forms the assets of an independent legal entity, namely the foundation." MARXER, COMPANIES AND TAXES IN LIECHTENSTEIN 87. Thus, Berik Stiftung is a foreign citizen for purposes of diversity jurisdiction.

Berik Stiftung asserts that federal courts have already recognized that stiftungen[1] created under Liechtenstein law should be treated as trusts. *See Estate of Swan v. C.I.R.*, 24 T.C. 829, 857 (1955), *aff'd in part and rev'd in part*, *Oei Tjong Swan's Estate v. C.I.R.*, 247 F.2d 144 (2d Cir. 1957); *see also* I.R.S. Priv. Ltr. Rul. 200302005 (Jan. 10, 2003) (holding that a stiftung was in the nature of a trust for tax purposes). Under Liechtenstein law, however, stiftungen are distinct from trusts. *See* MARXER, COMPANIES AND TAXES IN LIECHTENSTEIN 107-08, 125. Further, whether a stiftung is characterized as a trust for estate tax purposes has no bearing on whether a stiftung is a foreign citizen for diversity jurisdiction purposes. Liechtenstein law also requires that a trust have a trustee, named in the trust document or by the court, in order to maintain a legal action in court. *See* PGR, art. 904. Berik Stiftung did not name a trustee as a party in its complaint.

Even assuming *arguendo* that a stiftung is a trust and the citizenship of its beneficiaries were determinative for diversity jurisdiction, the record does not support the Stiftung's allegations that Corbett Lenz and Stacie Daley are

---

[1] "Stiftungen" is the plural form of stiftung.

current beneficiaries of the Stiftung. The by-laws of the Stiftung state that "[d]uring his lifetime, Mr. Randolph W. Lenz will be the sole and only beneficiary of the assets and proceeds of the Berik Stiftung." Only after his death do Corbett Lenz and Stacie Daley become beneficiaries. The parties do not dispute that Randloph Lenz is still living. The district court did not err in holding that the citizenship of Corbett Lenz or Stacie Daley is irrelevant to the jurisdictional inquiry.

## IV.

The Stiftung is a juridical entity under the laws of Liechtenstein and is thus a foreign citizen for purposes of diversity jurisdiction. Because there is not complete diversity among the parties, the district court did not have subject matter jurisdiction and its order dismissing Berik Stiftung's complaint is affirmed.

AFFIRMED.