# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2012

No. 10-11198

Lyle W. Cayce
Clerk

R. SCOTT PHELAN,

Plaintiff–Appellant/Cross-Appellee/Appellee

v.

H. SCOTT NORVILLE; PAMELA EIBECK; ELIZABETH HALL; VICTOR MELLINGER; ERNST KIESLING; DANIEL PERKINS,

Defendants–Appellees/Cross-Appellants

TEXAS TECH UNIVERSITY,

Defendant–Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:10-CV-29

Before BENAVIDES and PRADO, Circuit Judges, and ALVAREZ,[*] District Judge.

EDWARD C. PRADO, Circuit Judge:[**]

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11198

Plaintiff–Appellant Scott Phelan was a tenure-track professor at Texas Tech University who was given a non-reappointment notice and a terminal contract before achieving tenure. He sued Texas Tech and separately sued several Texas Tech employees in Texas state courts, and his suit against the employees was removed to federal court after he added federal claims. On appeal, he alleges that the defendants are liable under 42 U.S.C. § 1983 for depriving him of his right to trial by jury and to due process in the state court proceedings. Phelan argues that the defendants submitted false affidavits to the state courts and suppressed critical evidence, and that this wrongdoing caused the Texas state courts to grant summary judgment for the defendants.

The defendants also appeal the judgment of the district court dismissing some, but not all, of Phelan's claims against the individual defendants under Texas Civil Practice and Remedies Code section 101.106(e), which requires a court to dismiss a suit against government employees upon motion by their government employer when a plaintiff brings claims against both parties in one suit. The defendants argue that this provision requires dismissal of *all* claims brought against the government employees, not only those claims that were filed against both the government employees and the governmental entity.

For the reasons stated below, we AFFIRM.

## I. BACKGROUND

Phelan began working at Texas Tech University in a non-tenure-track position in December 1998 and became a tenure-track Assistant Professor in 2001. At some point during his employment with Texas Tech, Phelan became concerned that the Chair of the Civil Engineering Department, H. Scott Norville, "might be using university time, personnel and property for his [outside] consulting business," and Phelan reported this concern to the Dean and Associate Dean of Engineering. Phelan alleges that in November 2004, "[s]hortly after" Norville learned that Phelan had reported his use of university

2

equipment, Norville hit him twice on the cheek to illustrate a concept during a conversation about blast research.

In Spring 2005, certain Texas Tech faculty began discussing the possibility of non-reappointing Phelan. On May 9, 2005, Norville told Phelan that he would not be reappointed.

Norville and several other of the defendants met on May 20 "to finalize the details of issuing a terminal appointment to Dr. Phelan." During this meeting, a Texas Tech police officer delivered a copy of an assault complaint that Phelan had filed against Norville the previous day, apparently stemming from the November 2004 hit on the cheek. On May 26, 2005, Phelan was given a formal notice of non-reappointment and was offered a terminal, one-year appointment, to end in May 2006. Phelan appealed his non-reappointment to a faculty committee, which upheld the decision, and on August 12, 2005, Phelan submitted his resignation from Texas Tech.

Phelan filed suit against Texas Tech in the 200th District Court of Travis County, alleging that his non-reappointment violated the Texas Whistleblower Act and his due process rights. *Phelan v. Tex. Tech Univ.*, No. 07-07-0171-CV, 2008 WL 190741, at *1 (Tex. App.—Amarillo Jan. 23, 2008, pet. denied) (mem. op.). Phelan argued that the non-reappointment decision was made in retaliation against him for reporting both the assault and Norville's use of university property for personal gain. The state district court granted Texas Tech summary judgment on all of Phelan's claims and the Texas Court of Appeals affirmed. Phelan's petition to the Texas Supreme Court for review was denied.

Phelan also sued Norville, Dean of Engineering Pamela Eibeck, Assistant Provost of Texas Tech Elizabeth Hall, and Texas Tech General Counsel Victor Mellinger in the 237th District Court of Lubbock County under various theories including assault, libel and slander, and tortious interference with contract.

No. 10-11198

*Norville v. Phelan*, No. 07-07-0035-CV, 2008 WL 190576, at *8 n.13 (Tex. App.—Amarillo Jan. 23, 2008, pet. denied) (mem. op.).  The defendants moved for summary judgment, which was denied as to all defendants except Mellinger. The remaining defendants appealed on all claims,[1] and the Seventh Court of Appeals of Texas in Amarillo reversed as to all defendants and claims except the libel and slander claims against Norville.  *Norville*, 2008 WL 190576, at *14. Phelan's petition to the Texas Supreme Court for review was denied.

Phelan made a motion to compel in the 237th District Court of Lubbock County, where a few of his claims remained pending, seemingly in response to having "learned that [the defendants] had suppressed crucial evidence in his whistleblower case and because of [the defendants] having filed . . . false affidavits to support their Motions for Summary Judgment in both state district courts."  The motion was heard and the court ruled that Phelan would be permitted to re-depose the defendants "on the matter of emails (i.e., their existence, their location now, backup of same, who sent to [whom] and when, content, etc.) as well as the circumstances and content of affidavits executed by defendants following such defendants' first depositions."

Phelan amended his petition to the state district court to assert a claim against the defendants under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1962 ("RICO"), "for obstructing justice by filing false affidavits and by suppressing crucial evidence in the state court proceedings."  The defendants then filed a Notice of Removal in the United States District Court for the Northern District of Texas.  In his First Amended Complaint before the district court, Phelan named Norville, Eibeck, Hall, Mellinger, Associate Dean of Engineering Ernst Kiesling, Assistant Attorney General Daniel Perkins, and Texas Tech as defendants.  The complaint restated

---

[1] The only denial of summary judgment that was not appealed was the assault claim against Norville.  *Norville*, 2008 WL 190576, at *1 n.1.

4

No. 10-11198

Phelan's RICO claim and several state-law claims including common-law fraud, fraud on the court, assault, libel, and slander. Phelan also added for the first time a claim under 42 U.S.C. § 1983, claiming that the defendants violated his Seventh Amendment right to trial by jury and his Fourteenth Amendment right to due process of law by filing false affidavits and suppressing crucial evidence in the state court proceedings. The defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Relying on Texas Civil Practice and Remedies Code section 101.106(e)—which provides that when a suit is filed against both a governmental unit and its employees, the governmental unit may immediately seek the dismissal of its employees from the suit—the district court dismissed with prejudice all state-law claims that Phelan had filed against the individual defendants that were also filed against Texas Tech.[2] The court then remanded the remaining state-law claims for assault, libel, and slander against Norville (claims which had not been brought against Texas Tech) to the state district court.[3] The court also held that Phelan had failed to plead facts giving rise to a cause of action under RICO. As to the § 1983 claim, the district court held the following: (1) sovereign immunity barred the suit against Texas Tech and the individual defendants (whom the court held were being sued in their official capacities), and (2) any deprivation which Phelan may have suffered was preceded by procedural due process. The district court entered judgment on its order on August 16, 2010.

---

[2] The state-law claims against Texas Tech were also dismissed because they alleged intentional torts, which are barred when brought against governmental units by the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code § 101.021.

[3] Although Phelan had also brought a slander claim against Eibeck, the district court noted that the Seventh Court of Appeals had already held that she was immune from the suit, and it declined to allow Phelan to collaterally attack that holding.

5

No. 10-11198

On August 22, 2010, Phelan made a 59(e) motion to alter or amend the judgment. *See* Fed. R. Civ. P. 59(e).  The motion primarily challenged the district court's holding that the individual defendants had been sued in their official capacities and that sovereign immunity therefore applied; Phelan argued that he had sued the individuals in their individual capacities and that at most qualified immunity would apply (although he also argued that qualified immunity should not apply because it had not been pleaded by the defendants). The district court considered whether Phelan had stated a claim under § 1983 against the defendants in their individual capacities.  The court stated that it had dismissed Phelan's § 1983 claims because he was "merely re-packaging his prior claims brought in state court."  It also noted that the defendants would be entitled to "absolute immunity for their witness statements in state court." It thus denied Phelan's motion to alter or amend the judgment.  Phelan timely appealed.[4]  On December 6, 2010, the defendants also appealed the judgment of the district court denying Norville's motion to dismiss the claims of assault, libel, and slander against him.

## II.  DISCUSSION

The district court had jurisdiction over this case under 28 U.S.C. § 1331. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

### A.  Section 1983 Claim

"We review de novo a district court's dismissal for failure to state a claim under Rule 12(b)(6)." *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011).  "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

[4] Phelan's Notice of Appeal specifies that the one issue he is appealing is the dismissal of his § 1983 claim against the individual defendants.  Phelan does not appeal the dismissal of his claims against Texas Tech, nor does he appeal the dismissal of his RICO claim nor the district court's remand of his assault, libel, and slander claims against Norville to the state district court.

No. 10-11198

plausible on its face.'" *Frame v. City of Arlington*, 657 F.3d 215, 222 (5th Cir. 2011) (en banc) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted)). A claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Phelan appeals the district court's 12(b)(6) dismissal of his claim against the individual defendants under § 1983. "To state a claim under § 1983, a plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010). Phelan alleges that he was deprived of two distinct rights as a result of the defendants' actions: (1) his right to a trial by jury and (2) his right to due process. Phelan argues that the defendants intentionally filed false affidavits and suppressed crucial evidence during the state court proceedings in this case, and that this conduct caused the state court to award summary judgment to the defendants, thus denying Phelan the opportunity to present his case to a jury and denying him due process.

Phelan's claim fails because he has not identified a federal right of which he has been deprived. He argues that he was deprived of a right to trial by jury guaranteed by the Seventh Amendment[5] because the defendants' conduct led to his state claim being disposed of on a motion for summary judgment rather than being heard by a jury. However, the Seventh Amendment right to trial by jury in a civil case has not been incorporated against the states. *See McDonald v.*

---

[5] Phelan also argues that the right to a jury trial is guaranteed by the Texas Constitution. Section 1983, however, provides a remedy only for the deprivation of rights secured by the United States Constitution and federal laws. *Bryant*, 597 F.3d at 686. State constitutions do not provide a basis for a § 1983 claim.

No. 10-11198

*City of Chi.*, 130 S. Ct. 3020, 3035 n.13 (2010) (identifying "the Seventh Amendment right to a jury trial in civil cases" as one of the "only rights not fully incorporated" against the states). Thus, a jury trial in a state civil case is not a right secured by the Constitution, so it cannot provide a basis for a § 1983 claim.

Phelan also argues that the defendants' conduct deprived him of his right to due process under the Fourteenth Amendment.[6] We have stated that the "constitutional right to due process is not . . . an abstract right to hearings conducted according to fair procedural rules. Rather, it is the right not to be deprived of life, liberty, or property without such procedural protections." *Monk v. Huston*, 340 F.3d 279, 282–83 (5th Cir. 2003). Consequently, "[t]o bring a procedural due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001).

It is unclear whether Phelan's due process argument is directed at the process employed during his state-court trial or during the appeal of his non-reappointment at Texas Tech. To the extent that Phelan complains of not receiving a trial on the merits in state court, he has failed to allege that he has a protected life, liberty, or property interest in having his claim tried on the merits or in achieving a particular outcome at trial. He argues in his brief that

---

[6] Phelan nowhere identifies whether his claim is based upon substantive due process, procedural due process, or both. However, his claim seems to be procedurally focused: he argues that the defendants violated his "constitutional due process rights . . . through flagrant procedural misconduct," and he lists several steps in the university and judicial proceedings where he alleges that the defendants treated him unfairly. The Supreme Court has stated that substantive due process "prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotation marks and citation omitted). Phelan makes no argument that the conduct he complains of shocks the conscience or interferes with rights so fundamental that they are implicit in the concept of ordered liberty. Thus, we agree with the district court that Phelan has not "met his pleading burden for a substantive due process violation."

No. 10-11198

the source of his injury "is not the state court rulings but rather [the defendants'] conduct in obtaining those rulings." This complaint about the fairness of the state court proceedings fails to identify a protected interest of which Phelan was deprived.

Phelan's claim also fails to the extent that he complains of the process he received when appealing his non-reappointment at Texas Tech. As the district court noted, the Seventh Court of Appeals held that "Phelan's due process claims fail as a matter of law" because he had no property interest in his non-tenured position. *Phelan*, 2008 WL 190741, at *9. The court also held that Phelan had not been deprived of a liberty interest in his non-reappointment. *Id.* at *10–12. Therefore, a court of competent jurisdiction has already held that Phelan was not deprived of a protected interest by his non-reappointment at Texas Tech and that he has no due process claim. Issue preclusion dictates that this court not review that judgment.[7]

---

[7] Issue preclusion "prevents relitigation of particular issues already resolved in a prior suit." *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992). "To determine the preclusive effect of a state court judgment in a federal action, federal courts must apply the law of the state from which the judgment emerged." *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir. 2006) (internal quotation marks omitted). Under Texas law, a party seeking to preclude an issue from litigation must prove that "(1) the facts sought to be litigated in the first action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex. 1990). Here, the parties had a full opportunity to present evidence in the Texas state courts about whether Phelan had a protected interest in his job at Texas Tech. The Seventh Court of Appeals held that Phelan's "due process claims fail[ed] as a matter of law," *Phelan*, 2008 WL 190741, at *9, holding that he had no property interest in the job, *id.*, and that he had suffered no harm to any liberty interest, *id.* at *10–12. This conclusion was dispositive of Phelan's due process claim. The parties involved in this issue—Phelan and Texas Tech—are identical, and Phelan seeks to have this court determine the exact same issue—whether he was deprived of a protected liberty or property interest without due process—that the Seventh Court of Appeals already decided against him. Issue preclusion bars such a collateral attack on the final judgment of a Texas state court.

No. 10-11198

Because Phelan has failed to identify a federal right of which he was deprived, he cannot state a claim for relief under § 1983. The district court therefore properly dismissed this claim.

## B. Section 101.106(e) Claim

The defendants also appeal, arguing that the district court erred in dismissing only some of the claims against the individual defendants pursuant to Texas Civil Practice and Remedies Code section 101.106(e). The defendants argue that section 101.106(e) requires dismissal of all of the claims that Phelan brought against the individual defendants.

After dismissing all of Phelan's federal claims, the district court stated that it was "declin[ing] to exercise its supplemental jurisdiction over the[] remaining state law claims" against Norville for assault, slander, and libel. A "federal district court has discretion to remand a properly removed case to state court when all federal-law claims have been eliminated and only pendent state-law claims remain." *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994) (internal quotation marks omitted); *see also* 28 U.S.C. § 1367(c)(3). Such discretionary remands are appealable, *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 600 (5th Cir. 2009), and we review the decision to remand for abuse of discretion, *id.* at 601.

"The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial . . . ." *Id.* at 602. This rule, however, is "neither mandatory nor absolute"; we "must review the district court's decision in light of the specific circumstances of the case at bar." *Id.* We have held that remanding state-law claims after dismissing all federal-law claims is an abuse of discretion where the district court has "invest[ed] a significant amount of judicial resources in the litigation." *Id.*; *see, e.g.*, *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227–28 (5th Cir. 1999) (holding that the district court abused its discretion in refusing to exercise

No. 10-11198

supplemental jurisdiction over state-law claims where they presented no novel or complex issues of state law and the case had been pending in the district court for three years with trial scheduled to begin a month after the dismissal).

Here, the Notice of Removal was filed on February 19, 2010, and the district court entered its order dismissing all federal-law claims and remanding the remaining state-law claims on August 16, 2010.  Thus, the case was pending in the district court for just less than six months.  We conclude that the district court has not invested a significant amount of judicial resources on this case, especially compared to the Texas state court, before which this case was pending for several years.  Therefore, we hold that the district court did not abuse its discretion in remanding the remaining state-law claims to the Texas state court.[8] Because the district court properly exercised its discretion in dismissing the remaining state-law claims, we do not address Texas Tech's argument that section 101.106(e) required dismissal of all state-law claims.

### III.  CONCLUSION

We conclude that Phelan has failed to state a claim for relief under § 1983 and that the district court did not abuse its discretion in remanding the remaining state-law claims against Norville.  AFFIRMED.

---

[8] At oral argument, counsel for the defendants argued that remanding the claims against Norville would result in the dismissal of Texas Tech from the lawsuit and that therefore Texas Tech would be unable to move for dismissal of the claims against Norville under section 101.106(e).  The Texas state court is in the best position to determine the impact of the procedural posture of this case on Texas Tech's rights; in any event, this possible consequence does not cause the district court's remand to be an abuse of discretion.