# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2013

No. 12-10623
Summary Calendar

Lyle W. Cayce
Clerk

COURTNEY D. ALSOBROOK,

Plaintiff-Appellant

v.

GMAC MORTGAGE, L.L.C.; EXECUTIVE TRUSTEE SERVICES, L.L.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-cv-00603-M

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

In this case, Appellant Courtney D. Alsobrook appeals the district court's grant of summary judgment dismissing her wrongful foreclosure suit against Appellees GMAC Mortgage, L.L.C. and Executive Trustee Services, L.L.C.  We affirm the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10623

## FACTUAL AND PROCEDURAL BACKGROUND[1]

In 2004, Alsobrook purchased real property located in Rockwall, TX. Financing the purchase through a $161,500 loan, Alsobrook executed an adjustable rate note and a deed of trust encumbering the property. In October 2009, the deed of trust was assigned to Bank of New York Trust Company, N.A., as successor to JP Morgan Chase Bank, N.A., as Trustee for RAMP 2004RS3 c/o Residential Funding Corp. Attorney in Fact ("RFC"). GMAC Mortgage, L.L.C. ("GMAC") has been the servicer of the loan since its inception.

After a lengthy period of loan-payment delinquency beginning in 2005, Alsobrook made a $9,000 payment to GMAC on October 22, 2010. This payment made Alsobrook current on her obligations through August 2010, but not on her September 2010 through November 2010 payment obligations. Thus, on November 2, 2010, GMAC sent Alsobrook a notice of default and intent to accelerate. In response, Alsobrook made a $6,446.57 payment on November 4, 2010 to bring her payments current through December 2010. On November 5, 2010, however, Alsobrook's October payment of $9,000 was returned for insufficient funds, and GMAC reversed the payment, leaving Alsobrook six months delinquent. GMAC, on behalf of RFC, sent a notice of acceleration to Alsobrook on December 28, 2010. Alsobrook failed to pay the amount due, and, on January 13, 2011, she was sent a notice of substitute trustee's sale, which scheduled a foreclosure sale of the Rockwall property for March 1, 2011.

On February 28, 2011, Alsobrook filed a petition in state court to enjoin the March 1, 2011 foreclosure sale. On March 24, 2011, Appellees removed the case to federal court alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Appellees filed a motion for summary judgment on October 12, 2011,

---

[1] Like the district court, because Alsobrook failed to file a response to Appellees' motion for summary judgment, we rely primarily on the facts offered by Appellees in support of their motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

2

No. 12-10623

and Alsobrook failed to file a response to that motion notwithstanding the district court's grant of an extension to do so. On April 13, 2012, Magistrate Judge Paul D. Stickney issued a report, in which he recommended granting Appellees' summary judgment motion. Alsobrook failed to object to the magistrate judge's report. On May 9, 2012, the district court accepted the magistrate judge's findings and recommendation, and granted Appellees' motion for summary judgment. This timely appeal followed.

STANDARD OF REVIEW

If a party fails to object to a magistrate judge's report, this court reviews the magistrate judge's factual findings and legal conclusions for plain error. *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc)). To prove plain error, a party "must show that (1) there is error; (2) the error was clear and obvious, not subject to reasonable dispute; and (3) the error affected his substantial rights." *United States v. Hebron*, 684 F.3d 554, 558 (5th Cir. 2012).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the movant satisfies his "initial responsibility" of showing "the absence of a genuine issue of material fact," the burden shifts to the non-movant to identify "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986) (internal quotation marks omitted). If a non-movant fails to respond to a motion for summary judgment, it is improper to grant the motion based solely on the non-movant's failure to respond. *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985). Instead, summary judgment should only be granted in such a case if "the moving party discharges its initial burden" of showing that there is no genuine dispute as to any material fact. *Id.*

3

No. 12-10623

ANALYSIS

## I.     Diversity Jurisdiction

A district court has original jurisdiction over a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "The diversity statute requires 'complete diversity' of citizenship," meaning that "[a] federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (internal quotation marks omitted). A corporation is a citizen of any state "by which it has been incorporated" or "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As interpreted by the Supreme Court, "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010).

Alsobrook argues for the first time on appeal that the district court lacked jurisdiction because Alsobrook and Appellee Executive Trustee Services, L.L.C. ("ETS") were both citizens of Texas. Specifically, Alsobrook speculates that, because ETS has conducted business and has maintained an office in Texas for years, ETS "may" have its principal place of business in Texas. Based on the record before him, however, Magistrate Judge Stickney held that complete diversity was "undisputed" because "Plaintiff is a resident of Rockwall County, Texas and [ETS and GMAC] are residents of the states of Delaware and Michigan." R. at 410. Alsobrook points to no evidence in the record that contradicts the magistrate judge's findings, nor does she explain how ETS's activity in Texas establishes Texas as ETS's principal place of business. Accordingly, reviewing the magistrate judge's findings of fact and legal conclusions for plain error, and identifying no record evidence revealing any such

4

error, we hold that the magistrate judge did not err in finding complete diversity between the parties.[2]

II.    Summary Judgment

In his report, Magistrate Judge Stickney recommended dismissing all of Alsobrook's causes of action based on the evidence accompanying Appellees' summary judgment motion.  On appeal, Alsobrook asserts that the magistrate judge's findings and conclusions were erroneous.  Alsobrook does not, however, argue that evidence in the district court record shows that the magistrate judge plainly erred in concluding that no genuine issue of material fact existed with respect to her claims.  Instead, Alsobrook alleges that evidence uncovered during her April 12, 2012 deposition "could have provided evidence to controvert the bases for Defendants' motions for summary judgment."  Br. of Appellant 12.

This court's review of a district court's grant of summary judgment is bound "by the record as it existed at the time summary judgment was granted." *Moore v. Miss. Valley State Univ.*, 871 F.2d 545, 549 (5th Cir. 1989).  We find that Appellees' summary judgment motion, to which Alsobrook failed to respond, contains evidence clearly showing the absence of a genuine issue of material fact.[3]  Furthermore, even if we were to consider the content of her deposition, Alsobrook presents no evidence that undermines the magistrate judge's findings of fact or legal conclusions.  Alsobrook thus woefully fails to show error, plain or otherwise.

---

[2] Alsobrook does not contest the magistrate judge's conclusion that § 1332's $75,000 amount-in-controversy requirement was met.  We nonetheless note that Alsobrook seeks to enjoin foreclosure of property valued at $132,460, and also seeks damages that, based on her equity in the property, would exceed $75,000.

[3] Alsobrook claims the district court erred in ruling on Appellees' summary judgment motion before her deposition.  She neglects to point out, however, that she failed to appear for a scheduled deposition in October 2011, which was well before her response deadline, and Appellees were able to depose her in April 2012 only after the court granted Appellees' motion to compel a deposition.  Furthermore, the district court granted Alsobrook additional time to file a response, but she still failed to schedule her deposition before the extended deadline.

No. 12-10623

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment.