# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30275
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2014

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant

v.

BUSTED IN ACADIANA,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-2202

Before SMITH, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Brandon Scott Lavergne, Louisiana prisoner # 424229, pleaded guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against a website, Busted in Acadiana. The district court treated Lavergne's complaint as arising under 42 U.S.C. § 1983 and dismissed it for failure to state a claim as Busted in Acadiana was not an entity capable of being sued and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30275

alternatively was not a state actor. Additionally, the district court dismissed Lavergne's claims he asserted under Louisiana state law without prejudice.

This court reviews a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). Questions of federal jurisdiction are likewise reviewed de novo. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 309 (5th Cir. 2014).

Lavergne asserts that the district court erred in determining that the private website Busted in Acadiana was not an entity capable of being sued under § 1983. Even if Busted in Acadiana was an entity capable of being sued, or even if Lavergne could have identified the proper defendant related to this private website, he has not shown that the defendant was a state actor for § 1983 purposes. To state a cause of action under § 1983, the plaintiff must allege that a person or entity acting under color of law has deprived him of a federal right. *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994). For a private party to be held liable under § 1983, "the plaintiff must allege and prove that the [non-state actor] conspired with or acted in concert with state actors." *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989; *see also Castro Romero v. Becken*, 256 F.3d 249, 355 (5th Cir. 2001). A plaintiff satisfies this burden by alleging and proving "(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004).

Here, the district court correctly determined that Lavergne's complaint failed to allege any conspiracy or other action involving a state actor. *See*

*Priester*, 354 F.3d at 420.  Although Lavergne has alleged that the defendant made false statements about him, he has not alleged an agreement between Busted in Acadiana and the police, or any other state actor, to commit an illegal act, or allege specific facts to show an agreement to commit an illegal act.  Thus, the district court did not err when it dismissed Lavergne's § 1983 claims for failure to state a claim.  *Id.*

Additionally, with the benefit of liberal construction, Lavergne seems to allege that his claims of libel and slander raise a federal question because the defendant's statements reached across state lines.  Lavergne's argument is unavailing.  Claims of libel and slander are quintessentially state law claims. *Cf. Phelan v. Norville*, 460 F. App'x 376 (5th Cir. 2012) (upholding the district court's decision not to exercise supplemental jurisdiction over claims of libel and slander).  The fact that Busted in Acadiana's alleged statements crossed state lines does not support federal question jurisdiction.

Accordingly, the district court did not err when it dismissed the complaint.  In this same vein, the district court did not abuse its discretion in denying his motions to amend his complaint because the amendments were futile.  *See Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013).  To the extent Lavergne raises new claims on appeal, we do not address them.  *See Willard v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006).

Lavergne's motion to appoint counsel is DENIED, and the district court's judgment is AFFIRMED.