# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30247
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2014

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant

v.

TIFFANY MICHELLE LEJUENE,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-2196

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brandon Scott Lavergne, Louisiana prisoner # 424229, pled guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against Tiffany Michelle Lejuene. The district court treated Lavergne's complaint as arising under 42 U.S.C. § 1983 and dismissed his claims for failure to state a claim because Lejuene was not a state actor and, in the alternative, as barred by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Heck v. Humphrey*, 512 U.S. 477 (1994). Additionally, the district court dismissed Lavergne's Louisiana state law claims without prejudice.

This court reviews a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). Questions of federal jurisdiction are likewise reviewed de novo. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 309 (5th Cir. 2014).

Lavergne's motion for leave to file a supplemental brief is GRANTED. In the briefs, Lavergne disavows any intent to file a Section 1983 complaint against Lejuene. He contends that the district court had jurisdiction over his claims of libel and slander because he satisfied the federal diversity requirements of 28 U.S.C. § 1332.

Under Section 1332, a district court has jurisdiction over civil matters "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." A federal diversity action requires complete diversity. *See Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). Both Lavergne and Lejuene are citizens of Louisiana. Lavergne's contention that, although Lejuene is a citizen of Louisiana, she frequently resides in Texas and made the alleged false statements in Texas does not support diversity jurisdiction. Lejuene's periodic stays in Texas are insufficient to establish a bona fide intention to change residence. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). As complete diversity was lacking, Lavergne has failed to show that the district court erred in refusing to exercise jurisdiction over his libel and slander claims. *See Phelan v. Norville*, 460 F. App'x 376 (5th Cir. 2012) (upholding the district court's decision not to exercise supplemental jurisdiction over claims of libel and

No. 14-30247

slander).  In this same vein, the district court did not abuse its discretion in denying his motions to amend his complaint because the amendments were futile.  *See Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013).  To the extent Lavergne raises new claims on appeal, we do not address them.  *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006).

Lavergne's motion to appoint counsel is DENIED, and the district court's judgment is AFFIRMED.