# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30250
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2014

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant

v.

HOLLY BERGERAN,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-2199

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brandon Scott Lavergne, Louisiana prisoner # 424229, pled guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against Holly Bergeran. The district court treated Lavergne's complaint as arising under 42 U.S.C. § 1983 and dismissed his claims for failure to state a claim because Bergeran was not a state actor and, in the alternative, as barred by *Heck v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Humphrey*, 512 U.S. 477 (1994).  Additionally, the district court dismissed Lavergne's Louisiana state law claims without prejudice.

This court reviews a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).  Questions of federal jurisdiction are likewise reviewed de novo.  *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 309 (5th Cir. 2014).

Lavergne's motion for leave to file a supplemental brief is GRANTED. In the briefs, Lavergne disavows any intent to file a Section 1983 complaint against Bergeran.  Still, he contends that his claims invoke federal jurisdiction. Federal question jurisdiction extends only to "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *see Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  With the benefit of liberal construction, Lavergne seems to allege that his claims of libel and slander raise a federal question because Bergeran's false statements reached across state lines.  Lavergne's argument is unavailing.  Claims of libel and slander are quintessentially state law claims. *Cf. Phelan v. Norville*, 460 F. App'x 376 (5th Cir. 2012) (upholding the district court's decision not to exercise supplemental jurisdiction over claims of libel and slander).  The fact that Bergeran's alleged statements crossed state lines does not support federal question jurisdiction.

Absent federal question jurisdiction, the district court did not have jurisdiction over Lavergne's state law claims of libel and slander unless the federal diversity requirements were satisfied.  28 U.S.C. § 1332.  Under Section 1332, a district court has jurisdiction over civil matters "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  As Lavergne

concedes, complete diversity is lacking in the case because both Lavergne and Bergeran are citizens of Louisiana.  *See Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (diversity action requires complete diversity).

Accordingly, the district court did not err when it dismissed Lavergne's claims against Bergeran.  The district court also did not abuse its discretion in denying his motions to amend his complaint because the amendments were futile.  *See Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013).  In light of the foregoing, the district court did not abuse its discretion in denying Lavergne's motion to appoint counsel.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).  To the extent Lavergne raises new claims on appeal, we do not address them.  *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006).

Lavergne's motion to appoint counsel is DENIED, and the district court's judgment is AFFIRMED.