# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2024

Lyle W. Cayce
Clerk

_____

No. 23-50376

_____

Avialae S De RL DE CV,

*Plaintiff—Appellant*,

*versus*

Cummins, Incorporated,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CV-380

_____

Before Richman, *Chief Judge*, and Oldham and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Avialae S De RL DE CV ("Avialae") brought six breach of contract claims against Cummins, Inc. The district court partly granted Cummins's Rule 12(b)(6) motion and dismissed four of Avialae's claims. The court also denied Avialae's later motion for leave to amend. The remaining two breach

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of contract claims went before a jury, which returned a verdict for Avialae. Avialae then appealed the district court's earlier orders. We affirm.

I.

In reviewing the grant of a Rule 12(b)(6) motion to dismiss, we accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiffs." *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018) (quotation omitted). Here, Avialae's amended complaint alleges the following:

Avialae is a Mexican limited liability company that manufactures industrial component parts. Cummins is an Indiana corporation that manufactures diesel engines.

In 2014, Cummins contacted Avialae to discuss the manufacture of certain component parts. The parties executed multiple contracts by which Avialae would supply diesel engine parts to Cummins. The contracts covered six projects: the Dual Source Project, the Shim Rework Project, the Washer/Shim Prototype Project, the Housing Rework Project, the CRIN Rework Project, and the MRC Injector Rework Project. Ultimately, Cummins cancelled or postponed all of these projects. Cummins also declined to compensate Avialae for most of the resources that it invested in these projects.

In 2016, Avialae brought suit for breach of contract in Texas state court. The lawsuit was removed to federal court and eventually dismissed in 2018 for failure to prosecute. *See Avialae S. De R.L. De C.V. v. Cummins, Inc.*, No. EP-16-CV-00188-DCG, 2018 WL 3342885 (W.D. Tex. Mar. 5, 2018).

In 2019, Avialae brought a second suit for breach of contract in Texas state court. After the lawsuit was removed to federal court, Avialae filed an amended complaint. Cummins moved to dismiss this complaint under Rule

No. 23-50376

12(b)(6) for failure to state a claim. In July 2020, the district court dismissed four of the six breach of contract claims (relating to the Dual Source, Washer/Shim Prototype, CRIN Rework, and MRC Injector Rework projects). Avialae moved for leave to again amend its complaint regarding those four claims. The district court denied Avialae's motion for failure to show good cause.

The remaining breach of contract claims (relating to the Shim Rework and Housing Rework projects) went before a jury, which returned a verdict for Avialae. The district court entered final judgment, and Avialae timely appealed.

## II.

This court has jurisdiction over this appeal under 28 U.S.C. §§ 1332 and 1291.[1] We de novo review the grant of a Rule 12(b)(6) motion to dismiss.

---

[1] As a *sociedad de responsabilidad limitada*, Avialae is essentially a Mexican LLC. Accordingly, one might think that Avialae would be required to allege the citizenship of all of its members, so as to assure the court of complete diversity. *See, e.g.*, *SXSW, LLC v. Fed. Ins. Co.*, 83 F.4th 405 (5th Cir. 2023); *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310 (5th Cir. 2019). Avialae is a foreign LLC, however, not an American one. And when examining the citizenship of foreign legal entities for purposes of § 1332, our court does not always look through to assess the citizenship of members or beneficiaries. *See* Note, Elisabeth C. Butler, *Diversity Jurisdiction and Juridical Persons: Determining the Citizenship of Foreign-Country Business Entities*, 97 Tex. L. Rev. 193, 201–02 (2018) (discussing cases). Rather, we ask whether the entity is a "juridical person" under the law that created it. *See Stiftung v. Plains Mktg., LP*, 603 F.3d 295, 298–99 (5th Cir. 2010). That is, we look to whether the entity "can own property, make contracts, transact business, and litigate in its own name." *Cf. Fellowes, Inc. v. Changzhou Xinrui Fellowes Off. Equip. Co.*, 759 F.3d 787, 788 (7th Cir. 2014). If so, the entity is a citizen of the foreign country under which laws it was created. *See Stiftung*, 603 F.3d at 298–99. Avialae is a juridical person created under the laws of Mexico which makes contracts, transacts business, and may sue and be sued. *See Inmexti, S. de R.L. de C.V. v. TACNA Servs., Inc.*, No. 12-CV-1379-BTM (JMA), 2012 WL 3867325, at *3 (S.D. Cal. Sept. 6, 2012); ROA.76. Avialae is a citizen of Mexico; Cummins is not; therefore, diversity is complete.

*Meador*, 911 F.3d at 264. We review the denial of a motion for leave to amend for abuse of discretion. *See id.*

### III.

Avialae challenges the district court's partial grant of Cummins's motion to dismiss and denial of its motion for leave to amend. We reject both challenges. We first (A) explain why the district court did not err in dismissing four of Avialae's breach of contract claims. We then (B) explain why the district court did not abuse its discretion in denying Avialae's motion for leave to amend its complaint.

### A.

First, the four dismissed breach of contract claims.

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must allege "more than labels and conclusions," as "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must state a "plausible claim for relief," rather than facts "merely consistent with" liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (quoting *Twombly*, 550 U.S. at 557). We do not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *BRFHH Shreveport, LLC v. Willis-Knighton Med. Ctr.*, 49 F.4th 520, 525 (5th Cir. 2022) (quotation omitted).

As relevant to Avialae's Texas state law breach of contract claims, a complaint must plausibly allege "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (quotation omitted).

We agree with the well-reasoned opinion of the district court that Avialae failed to plausibly allege the existence of a contract with respect to the Dual Source, Washer/Shim Prototype, CRIN Rework, and MRC Injector Rework projects. We first (1) discuss the Dual Source and Washer/Shim Prototype projects, followed by (2) the CRIN Rework and MRC Injector Rework projects.

1.

Start with the two breach of contract claims related to the Dual Source and Washer/Shim Prototype projects. The Dual Source Project was an umbrella project encompassing several product families, including the products in the Washer/Shim Prototype Project.

As Avialae alleges, Cummins discussed the possibility of Avialae producing parts for both of these projects. Cummins informed Avialae of its supplier requirements, and Avialae expended resources to comply with the requirements, including the production of samples. At some point, Cummins told Avialae that, while it was selected as a supplier for the Dual Source Project, Avialae needed to provide additional samples and improve its production processes. In August 2015, Cummins issued six washer/shim purchase orders to Avialae. In its amended complaint, Avialae construes these purchase orders as evidence of two contracts: one involving the umbrella Dual Source Project, and one involving the subsidiary Washer/Shim Prototype Project. Since Cummins later cancelled the purchase orders and the overall Dual Source Project, Avialae claims that Cummins breached both contracts.

But Avialae does not plausibly allege that Cummins entered into a contract with Avialae with respect to the Dual Source or Washer/Shim Prototype projects. *See Villarreal*, 814 F.3d at 767. In particular, Avialae does

not plausibly allege a valid offer and acceptance. *Cf. Schriver v. Tex. Dep't of Transp.*, 293 S.W.3d 846, 851 (Tex. App.—Fort Worth 2009).

Take the Dual Source Project first. Avialae claims that the first three August 2015 purchase orders served as Cummins's acceptance of a Dual Source Project contract with Avialae. *See* ROA.83 ("These three purchase orders mark Plaintiff's entry into the Dual Source Project."). But purchase orders typically serve as offers, not acceptances. *See Gulf States Utils. Co. v. NEI Peebles Elec. Prods., Inc.*, 819 F. Supp. 538, 549 (M.D. La. 1993) (collecting cases); *Maverick Int'l, Ltd v. Occidental Mukhaizna LLC*, No. 1:10-CV-782, 2011 WL 13134197, at *3 (E.D. Tex. Mar. 1, 2011); *see also* Tex. Bus. & Com. Code Ann. § 2.206(a)(2) ("[A]n order . . . to buy goods for prompt or current shipment shall be construed as inviting acceptance either by a prompt promise to ship or by the prompt or current shipment of conforming or non-conforming goods…"). To be sure, a purchase order could theoretically serve as an acceptance. *Cf.* Tex. Bus. & Com. Code Ann. § 2.204(a) ("A contract for sale of goods may be made in any manner sufficient to show agreement…"). But the order would need to respond to a sufficiently detailed price quotation or proposal. *Cf. Operating Tech. Elecs., Inc. v. Generac Power Sys., Inc.*, No. 4:12-CV-345-Y, 2014 WL 11498165, at *4 (N.D. Tex. Mar. 11, 2014), *aff'd*, 589 F. App'x 292 (5th Cir. 2015) (mem.); *Crest Ridge Constr. Grp., Inc. v. Newcourt Inc.*, 78 F.3d 146, 152 (5th Cir. 1996) (Benavides, J., specially concurring). Given the fluid and shifting nature of the discussions between Avialae and Cummins, Avialae does not plausibly allege that the three August 2015 purchase orders responded to and accepted the definitive terms of a Dual Source Project contract offer made by Cummins.

Turning to the Washer/Shim Prototype Project, Avialae also seeks to use the six August 2015 purchase orders to show evidence of a contract. But

here, Avialae instead alleges that the purchase orders serve as an offer from Cummins that Avialae accepted.

Even if the purchase orders constituted an offer that could be accepted by "a prompt promise to ship or by the prompt or current shipment of conforming goods," *see* TEX. BUS. & COM. CODE ANN. § 2.206(a)(2), Avialae did not plausibly allege that it accepted the offer. Moreover, four of the six purchase orders called for delivery dates in August, September, and October 2015,[2] prior to Cummins's cancellation of the orders in November 2015. Yet, Avialae did not allege that it fulfilled these orders before the November cancellation. Because Avialae must allege its own performance to state a valid claim for breach of contract, *see Villarreal*, 814 F.3d at 767, its failure to do so dooms its claim regarding the Washer/Shim Prototype Project.

---

[2] Avialae attached the purchase orders as an exhibit to its response to Cummins's motion to dismiss. ROA.144–53; *see also* ROA.129 ("*See* Exhibit B for a sample of the purchase orders issued by Defendant-CUMMINS."). But in its reply brief, Avialae argues that this court cannot consider the purchase order documents because they were not attached to the complaint or Cummins's Rule 12(b)(6) motion. *See* Grey Br. 6. This argument fails because plaintiff invited any error. And it is unclear there was error in any event. "When a defendant attaches documents to its motion that are referenced in the complaint and are central to the plaintiff's claims, however, the court can also properly consider those documents." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019). Here, plaintiff Avialae attached the documents to its opposition, but it is unclear why that matters. *Cf. Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference . . . ."). The purchase orders were repeatedly referenced in Avialae's complaint and were central to its breach of contract claims about the Dual Source and Washer/Shim Prototype projects.

2.

Consider next the two breach of contract claims related to the CRIN Rework and MRC Injector Rework projects.

As Avialae alleges, Cummins discussed the possibility of Avialae producing parts for both of these projects. And Cummins requested that Avialae provide sample parts for evaluation. Avialae produced and delivered the samples to Cummins, which later cancelled or indefinitely postponed the projects. In its amended complaint, Avialae claims that Cummins breached the parties' contracts by failing to pay for the CRIN and MRC samples.

But Avialae does not plausibly allege any contracts by which Cummins agreed to pay for the CRIN and MRC samples. *See Villarreal*, 814 F.3d at 767. A contract requires the basic element of consideration—"a bargained-for exchange of promises or return performance [that] consists of benefits and detriments to the contracting parties." *Marx v. FDP, LP*, 474 S.W.3d 368, 378 (Tex. App.—San Antonio 2015). Avialae alleges that it agreed to provide the samples, but Avialae does not allege that Cummins promised to do or not do anything in exchange for production of the relevant samples. Without such consideration, Avialae merely alleges that it fulfilled a non-contractual request for samples, which does not support a breach of contract claim.

B.

Finally, the motion for leave to amend.

Avialae sought leave to amend its already amended complaint on July 29, 2020, almost five months after the district court's March 2, 2020 deadline for such motions. Since the amendment would require the modification of the scheduling order, the good cause requirement of Rule 16(b) applies. *See Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013).

This court applies a four-factor test to assess good cause and determine whether a district court has abused its discretion in denying an untimely motion to amend pleadings. *See S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). We consider: (1) the explanation for lack of a timely motion, (2) the amendment's importance, (3) the potential prejudicial impact if allowed, and (4) the availability of a continuance to mitigate any prejudice. *See id.* Since all four factors weigh against Avialae, the district court did not abuse its discretion in denying Avialae's untimely motion for leave to amend.

With respect to the first factor, Avialae's explanation for the lack of a timely motion is that it did not know about its complaint's deficiencies until the district court's ruling on Cummins's Rule 12(b)(6) motion. This explanation is insufficient. As the district court cogently remarked, Avialae's "own pleading deficiencies, raised by the Court in its Memorandum Opinion, are not an adequate explanation for delay." ROA.350; *cf. Whitaker v. City of Houston*, 963 F.2d 831, 837 (5th Cir. 1992) (affirming the denial of a motion to amend where the plaintiff did not seek leave to amend his complaint while a Rule 12(b)(6) motion to dismiss was pending).

With respect to the second factor, the proposed amendment is not important. For the most part, the proposed amended complaint merely adds words like "offers" and "accepts." *See, e.g.*, ROA.229, 230, 234, 235. But without additional factual allegations, these legal conclusions do not correct the problems identified by the district court. *Cf. BRFHH Shreveport*, 49 F.4th at 525.

With respect to the third factor, the amendment would have prejudiced Cummins, at least in part, by requiring it to respond to yet another set of pleadings. Including Avialae's previously abandoned lawsuit, Cummins had already responded to five sets of pleadings over the course of

two separate cases. Mindful of the district court's "broad discretion to preserve the integrity and purpose of the pretrial order," *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quotation omitted), we agree that a sixth shot would have prejudiced Cummins.

With respect to the fourth factor, the district court found a continuance was not in the interests of justice "given repeated delays in the litigation of the [case]." ROA.352. Moreover, a continuance would not avoid the prejudice to Cummins from litigating yet another set of pleadings. *See also Filgueira*, 734 F.3d at 423–24. Mindful also of "district judges' power to control their dockets by refusing to give ineffective litigants a second chance to develop their case," *see S&W Enters.*, 315 F.3d at 537 (quotation omitted), we defer to the district court's decision not to grant a continuance.

Because all four factors weigh against Avialae, we conclude that the district court did not abuse its discretion in denying Avialae's untimely motion for leave to amend.

AFFIRMED.