# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 10-10169
Summary Calendar

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

December 8, 2010

Lyle W. Cayce
Clerk

STEPHEN M. AVDEEF, Individually and
as next friends of A.A., a minor;
MELISSA A. AVDEEF, Individually and
as next friends of A.A., a minor;
SHIRLEY A. AVDEEF

Plaintiffs-Appellants

v.

ROCKLINE INDUSTRIES, INC.;
SAM'S EAST INC., doing business as
Sam's Club; WAL-MART STORES TEXAS LLC

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-cv-2157

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-10169

Stephen M. Avdeef, Melissa A. Avdeef, and Shirley A. Avdeef ("Appellants"), proceeding *pro se*, appeal the district court's grant of summary judgment in favor of defendants Rockline Industries, Inc., Sam's East, Inc. d/b/a Sam's Club, and Wal-Mart Stores Texas, LLC ("Appellees"). At the district court, Appellants alleged a series of claims for injuries suffered after being exposed to baby wipes allegedly contaminated with *B. cepacia* bacteria.[1] Appellees–who designed, manufactured, packaged, marketed, distributed, and sold the wipes–moved for summary judgment on Appellants' claims. The district court granted Appellees' motion for summary judgment and dismissed Appellants' claims with prejudice. This appeal followed.

Appellants claim to raise three issues on appeal, all of which are without merit. The first two issues essentially amount to a claim of judicial bias, the appropriate remedy for which would be recusal. Appellants did not, however, seek recusal at the district court, and thus we decline to entertain this argument on appeal. Appellants have not shown good cause for not filing an affidavit requesting the trial judge to recuse himself pursuant to 28 U.S.C. § 144, nor exceptional circumstances why we should consider this issue for the first time now. *See Clay v. Allen*, 242 F.3d 679, 681 (5th Cir. 2001). Thus, this issue is waived.

The third issue relates to the district court's grant of summary judgment against Appellants' claims. This court reviews grants of summary judgment *de novo*, applying the same standards as the district court. *Chieftain Int'l (U.S.), Inc. v. Se. Offshore, Inc.*, 553 F.3d 817, 819 (5th Cir. 2008). The applicable

---

[1] The claims alleged were: product liability, negligence and gross negligence, common law fraud, breach of contract, violation of the Texas Deceptive Trade Practices Act ("DTPA"), breach of express warranty, breach of implied warranty of merchantability, and breach of the implied warranty of fitness. Appellees were originally suing on behalf of their daughter, but the district court properly dismissed their "next friend" status when they became pro se plaintiffs. This dismissal is not appealed.

No. 10-10169

standard indicates that summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). Here, an essential element of all Appellants' claims required proof that the wipes in question were contaminated.

In moving for summary judgment, Appellees offered evidence that the wipes were *not* contaminated. They submitted lab results from Accutrace Testing–which disclosed no evidence of bacteria on the wipes that Appellants had turned over for testing–and two letters regarding the recall and an affidavit suggesting that the baby wipes complained of by Appellants were not included within the recall by the manufacturer. Once Appellees offered this evidence, the burden shifted to Appellants to provide competent summary judgment evidence establishing the existence of a genuine fact issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986). Despite this burden, Appellants offered no affirmative evidence admissible in court and tending to show the wipes were contaminated. Appellants instead rely upon bald assertions that the district court should not have trusted the credibility of the author of the affidavit, Alan Perlman, and that the Accutrace Testing results were unreliable. However, conclusory allegations that a witness lacks credibility cannot defeat a motion for summary judgment. *Thomas v. Great Atl. & Pac. Tea Co., Inc.*, 233 F.3d 326, 331 (5th Cir. 2000). And, since Appellants fail to provide any evidence showing that the Accutrace Testing results were incorrect or that the wipes were contaminated, they fail to raise any issue of material fact.

We thus AFFIRM the district court's grant of summary judgment.

**AFFIRMED.**

3