# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10512
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2014

Lyle W. Cayce
Clerk

STEPHEN M. AVDEEF,

Plaintiff - Appellant

v.

ROCKLINE INDUSTRIES, INCORPORATED; SAM'S EAST INC, doing business as Sam's Club; WALMART STORES, INCORPORATED; PATRICK W. POWERS, Individually and as a former partner of Cash, Klemchuk, Powers, Taylor, L.L.P., also known as Powers, Taylor, L.L.P.; PEYTON J. HEALEY, Individually and as a member of Powers, Taylor, L.L.P.; GARY D. ELLISTON, Individually and as Partner of the Law Firm of Dehay & Elliston, L.L.P.; PAMELA J. WILLIAMS, Individually and as Partner of the Law Firm of Dehay & Elliston, L.L.P.; COURTNEY G. BOWLINE, Individually and former Member of the Law Firm of Dehay & Elliston, L.L.P.; ALAN PERLMAN, Individually and in his Capacity as Technical Director of Rockline Industries,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-879

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10512

Stephen M. Avdeef, proceeding *pro se*, appeals the district court's granting of motions to dismiss in favor of the appellees and denial of his motion for reconsideration.

In 2008, Avdeef (along with two other plaintiffs) filed a lawsuit in federal district court in his individual capacity and as next friend of his minor daughter, A.A., against three of the appellees: Rockline Industries, Inc. ("Rockline"), Sam's East, Inc, d/b/a Sam's Club ("Sam's Club"), and Wal-Mart Stores Texas, LLC.[1] The claims arose from the purchase of baby wipes from Sam's Club; the plaintiffs contended that the wipes were contaminated with *B. Cepacia* bacteria, and that their use had led to the plaintiffs and A.A. becoming "increasingly ill, suffering cold and flu-like symptoms, urinary tract infections, severe upper respiratory infections, and digestive illnesses."[2] The district court concluded that since the plaintiffs were proceeding *pro se*, they had no standing to bring any claims on A.A.'s behalf and dismissed those claims without prejudice.[3] As to the other plaintiffs, the district court granted the defendants summary judgment on all claims.[4] On appeal, in *Avdeef v. Rockline Industries, Inc.* (*Avdeef I*),[5] we affirmed the district court because the defendants had offered evidence the wipes were *not* contaminated and evidence that the wipes the plaintiffs were complaining of were not included in a recall by the manufacturer.[6]

---

[1] *See Avdeef v. Rockline Indus., Inc.*, No. 3:08-CV-2157, 2010 WL 343484 (N.D. Tex. Jan. 29, 2010). The plaintiffs had brought their original complaint against Walmart Stores, Incorporated ("Walmart") just as in this case, but the district court had corrected the name at the defendant's behest. *Id.* at *1 n.2.

[2] *Id.* at *1.

[3] *Id.* (noting that since A.A. was a minor, her claims would be tolled and could be reasserted by an appointed or retained attorney or when she reaches majority).

[4] *Id.* at *7.

[5] 404 F. App'x 844 (5th Cir. 2010).

[6] *Id.* at 844–45.

No. 13-10512

Subsequently, in 2012, Avdeef brought a Texas state court action against one of the other appellees, Patrick W. Powers, his former attorney in *Avdeef I*.[7] Avdeef contended that Powers violated the Texas Disciplinary Rules of Professional Conduct and the Texas Civil Practice and Remedies Code § 41.001 *et. seq.* and was thus entitled to recover exemplary damages.[8] The trial court granted Powers's motion for summary judgment and the Texas court of appeals affirmed in *Avdeef v. Powers* (*Avdeef II*).[9]

Next, Avdeef brought the present lawsuit against several defendants. As relevant to this appeal, the following defendants were named in the complaint: First, the original defendants from *Avdeef I*, Rockline, Sam's Club, and Walmart. Second, Alan Perlman, Rockline's former Technical Director. Third, Gary D. Elliston, Pamela J. Williams, and Courtney G. Bowline, who represented the *Avdeef I* defendants ("the DeHay defendants"). Fourth, Powers and Peyton J. Healey, who represented Powers in *Avdeef II*. The district court granted the defendants' motions to dismiss and denied Avdeef's motion for reconsideration.

Upon careful consideration of the parties' briefs and the record, we find no error in the district court's granting of motions to dismiss and denial of the motion for reconsideration. Therefore, we affirm the district court's judgment. Similarly, upon review of the pending motions for damages under Federal Rule of Appellate Procedure 38, we deny these motions.

\*     \*     \*

IT IS ORDERED that the judgment of the district court is AFFIRMED.

---

[7] *See Avdeef v. Powers*, No. 05-11-01369-CV, 2012 WL 3115067 (Tex. App.—Dallas July 11, 2012).

[8] *Id.* at \*1.

[9] No. 05-11-01369-CV, 2012 WL 3115067 (Tex. App.—Dallas July 11, 2012).

No. 13-10512

IT IS ORDERED that the opposed motion of appellees Courtney Gene Bowline, Gary Dale Elliston and Pamela Jean Neale Williams for damages under Rule 38 is DENIED.

IT IS FURTHER ORDERED that the opposed motion of appellees Peyton Jameson Healey and Patrick William Powers for damages under Rule 38 is DENIED.