# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11039

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2015

Lyle W. Cayce
Clerk

STEPHEN M. AVDEEF,

      Plaintiff–Appellant

v.

THE ROYAL BANK OF SCOTLAND, P.L.C.; ROYAL BANK OF SCOTLAND CITIZENS, NATIONAL ASSOCIATION; HONORABLE JOHN P. CHUPP; SHAWN KEVIN BRADY, individually and doing business as The Brady Law Firm; THE STATE OF TEXAS; SIR PHILIP HAMPTON, individually and in his capacity as Chairman of the Group Board; ROYAL BANK OF SCOTLAND CITIZENS FINANCIAL GROUP, INCORPORATED; ELLEN ALEMANY, individually and as Chairman and CEO,

      Defendants–Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-967

Before JONES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11039

After a Texas state court entered judgment against him in a suit to recover on a debt, pro se Plaintiff–Appellant Stephen Avdeef filed suit in federal court against the presiding state-court judge, his opponent, and opposing counsel. Avdeef alleged, *inter alia*, violations of 42 U.S.C. § 1983 and the federal Fair Debt Collection Practices Act ("FDCPA"), and he requested $26 million in damages and declaratory and injunctive relief. The district court dismissed Avdeef's claims, holding in the alternative that the suit was barred by the *Rooker–Feldman* doctrine and that the complaint failed to state a claim upon which relief could be granted. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This federal suit arises from civil proceedings in Texas state court. In 2010, Defendant–Appellee Royal Bank of Scotland Citizens, N.A. ("RBS Citizens") sued Plaintiff–Appellant Stephen Avdeef and his son, Toby Avdeef, in Tarrant County District Court to recover on a defaulted car note. Defendant–Appellee Judge John P. Chupp presided over the state-court proceedings and granted summary judgment to RBS Citizens. The Fort Worth Court of Appeals affirmed. *Avdeef v. RBS Citizens, N.A.*, No. 02–12–00069–CV, 2012 WL 6632754, at \*1 (Tex. App.—Fort Worth Dec. 21, 2012, no pet.) (per curiam) (mem. op.).

After the judgment was upheld on appeal, RBS Citizens attempted to proceed with post-judgment discovery by deposing Avdeef. Judge Chupp denied Avdeef's motion to quash the deposition, entered an order compelling the deposition, and imposed a $500 sanction on Avdeef. Avdeef failed to appear for the deposition and failed to comply with two orders to show cause why he should not be held in contempt of court. Judge Chupp subsequently adjudged Avdeef in contempt and issued a writ of body attachment directing law enforcement to present Avdeef in court. Avdeef unsuccessfully sought a writ of mandamus from the Fort Worth Court of Appeals to enjoin post-

2

judgment discovery. Law enforcement then executed the writ of attachment and Judge Chupp held a hearing that culminated in an order directing Avdeef to submit to a deposition. During this hearing, Judge Chupp advised Avdeef that if he refused to comply with the deposition order, he could be jailed for contempt:

> THE COURT: Well, I mean, I can do this if you want, I mean, I can order you to appear at his office to do the deposition again, and if you don't do it, I mean, I can put you in jail up to 180 days for contempt.
> MR. AVDEEF: Yes, Your Honor.
> THE COURT: I mean, I don't want to, and you probably don't want to miss six months of your life for something as silly as doing a two-hour deposition. But, I mean, I guess you can go ahead and if you skip it, you can try to appeal me to the Texas Supreme Court, and if you lose that, then when we pick you up, you'll be subject to 180 days. Or you could just sit [and] go do a deposition real quick.

Two days after the hearing, Avdeef filed suit pro se in federal court. He named as defendants RBS Citizens and its subsidiary RBS Citizens Financial Group, Inc., by and through its Chairman Ellen Alemany;[1] Royal Bank of Scotland, P.L.C. ("RBS PLC"), by and through its Chairman Philip Hampton; Judge Chupp; Shawn K. Brady, who represented RBS Citizens in the state-court litigation; and the State of Texas.

Avdeef asserted six causes of action: (1) a § 1983 claim against Judge Chupp for violating Avdeef's Fourteenth Amendment right to due process by threatening Avdeef with arrest "to prevent [him] from perfecting a proper appeal"; (2) a claim against RBS, Brady, and the State of Texas for violating the FDCPA through "perjury and falsification of evidence . . . to directly and openly avoid the overriding Federal Statute that would have properly

---

[1] Alemany resigned from her position at RBS Citizens Financial Group, Inc. on September 30, 2013, more than two months before Avdeef filed suit.

dismissed the State District Court civil litigation for lack of standing"; (3) a § 1983 claim against Judge Chupp for violating Avdeef's civil rights by engaging in ex parte communications, violating state and local rules, and perpetrating a "Fraud Upon The Court"; (4) a § 1983 claim against Judge Chupp and the State of Texas for exhibiting "anti-pro se litigant discriminatory bias"; (5) a claim against all defendants for common-law defamation through the "creat[ion] [of] a public court record that slanders and defames the Plaintiff"; and (6) an injunction "to terminate the lower State Court's plenary authority." Avdeef sought a declaratory judgment "that Defendants' acts . . . are in violation of Avdeef's civil rights and are in violation of the Constitution, . . . laws and treatises of the United States," as well as compensatory damages of $26,860,000. Avdeef served all defendants himself via mail and presented affidavits of proof of service.

The State of Texas and RBS Citizens filed pre-answer motions to dismiss under Federal Rule of Civil Procedure 12(b), asserting, *inter alia*, improper service of process and failure to state a claim upon which relief could be granted. Avdeef moved to strike RBS Citizens' motion as untimely and founded on misrepresentations, and he separately moved for default judgments against RBS PLC and Hampton, Judge Chupp, and Brady. RBS Citizens objected to Avdeef's motion for default against RBS PLC and Hampton, claiming improper service of process, and Judge Chupp and Brady filed motions to dismiss under Rule 12(b) for improper service of process and failure to state a claim. Avdeef then filed a motion for Rule 11 sanctions against RBS Citizens and RBS PLC, accusing the defendants of misrepresenting the nature of their shared representation.

4

No. 14-11039

The district court referred all pending motions to a magistrate judge. The magistrate recommended that all of Avdeef's motions be denied.[2] The magistrate also separately issued findings, conclusions, and recommendations concerning the defendants' motions to dismiss. The magistrate recommended that the district court grant each motion because (1) the *Rooker–Feldman* doctrine deprived the district court of federal subject-matter jurisdiction; (2) Judge Chupp and the State of Texas were immune from suit; and (3) Avdeef's complaint failed to state claims against the remaining defendants upon which relief could be granted.[3] Avdeef timely objected to the magistrate's report and recommendations.

Before the district court reviewed the magistrate's report and recommendations, Avdeef moved for leave to file an amended complaint. Avdeef included a proposed amended complaint that was identical to his original complaint, with one exception: he added a single cause of action against Tina Fett, the court reporter in the state-court hearing on RBS Citizens' motion for summary judgment. Avdeef alleged, in relevant part, that Fett "criminally conspired with all the Defendants to remove entire sections of the . . . hearing transcript," thereby "intentionally and maliciously depriv[ing] [Avdeef] of his constitutionally protected right to Due Process Of Law." RBS Citizens, Judge Chupp, and the State of Texas all opposed Avdeef's motion.

---

[2] Specifically, the magistrate concluded that: (1) Avdeef's motion to strike RBS Citizens' motion to dismiss was meritless, and Avdeef's underlying claims against RBS Citizens were subject to dismissal; (2) Avdeef's motions for default judgment against Judge Chupp and Brady were moot because both defendants filed motions to dismiss predicated in part on improper service of process; (3) Avdeef's motion for default judgment against RBS PLC failed because all claims were subject to dismissal under Rule 12(b); and (4) Avdeef's motion for sanctions lacked a colorable basis in law.

[3] The magistrate also noted that RBS PLC, Hampton, and Alemany had not entered appearances in the case.

No. 14-11039

The district court adopted the magistrate's report and recommendations over Avdeef's objections. In addition to dismissing Avdeef's claims, the district court denied Avdeef leave to amend as futile, reasoning that the proposed amended complaint neither "resolve[d] the issues of subject-matter jurisdiction" nor "state[d] a claim upon which relief may be granted." After the district court entered judgment in favor of the defendants, Avdeef unsuccessfully moved for reconsideration and then timely filed this appeal.

## II. JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction over Avdeef's suit pursuant to 28 U.S.C. § 1331. We have jurisdiction to review the district court's final judgment pursuant to 28 U.S.C. § 1291.[4]

We review the denial of a motion for default judgment for abuse of discretion. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). We apply the same standard of review to the denial of a motion for Rule 11 sanctions. *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 630 (5th Cir. 2014).

By contrast, we review the dismissal of a claim under Rule 12(b)(6) de novo. *Vanderbrook v. Unitrin Preferred Ins. Co.* (*In re Katrina Canal Breaches Litig.*), 495 F.3d 191, 205 (5th Cir. 2007). We "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam). "To avoid dismissal,

---

[4] Avdeef's notice of appeal indicates that he sought review of "the Final Judgment of the [district court], entered in this case on August 15, 2014 granting the dismissal of all Defendants and dismissing Plaintiff's claims." Citing *Warfield v. Fidelity & Deposit Co.*, 904 F.2d 322, 325 (5th Cir. 1990), the defendants assert that Avdeef's failure to specify the district court's other orders in his notice of appeal deprives this court of jurisdiction to entertain any claims of error other than those relating to the final judgment of dismissal. However, "we generously interpret the scope of the appeal, and require a showing of prejudice to preclude review of issues 'fairly inferred' from the notice and subsequent filings." *Williams v. Henagan*, 595 F.3d 610, 616 (5th Cir. 2010) (per curiam). Given that Avdeef is representing himself, and no defendant has demonstrated prejudice, we review all of Avdeef's adequately briefed claims of error. *See Barksdale v. Union Planters Nat'l Bank*, 175 F. App'x 690, 692 n.2 (5th Cir. 2006) (per curiam).

a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson v. Teva Pharm. USA, Inc.*, 758 F.3d 605, 614 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Put differently, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Likewise, when the denial of leave to amend a complaint is predicated solely on futility, "we apply a de novo standard of review identical, in practice, to the standard used for reviewing a dismissal under Rule 12(b)(6)." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010).

Finally, we note that "[a]lthough we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se . . .* , *pro se* parties must still brief the issues and reasonably comply with the standards of [Federal Rule of Appellate Procedure] 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam) (footnote omitted).

### III. DISCUSSION

Avdeef, proceeding pro se, purports to raise fourteen claims of error. Pared down to its essentials, however, Avdeef's brief presents four asserted errors: (1) the district court's denial of Avdeef's motions for default judgment; (2) its denial of Avdeef's motion for sanctions; (3) its dismissal of Avdeef's claims on the alternative grounds of *Rooker–Feldman*, absolute and sovereign immunity, and Rule 12(b)(6); and (4) its denial of Avdeef's motion for leave to amend his complaint.[5] We discuss each issue in turn.

---

[5] Several points in Avdeef's brief relate to the conduct of the judge and the parties in *Avdeef v. Rockline Industries, Inc.*, an unrelated case that was litigated in the Northern District of Texas and resulted in an unfavorable verdict against Avdeef that this court

No. 14-11039

## A.    The Denial of Avdeef's Motions for Default Judgment

Avdeef asserts that the district court erroneously denied his motions for default judgment given the defendants' untimely responses. For authority, he relies solely on the Local Rules of the United States District Court for the Northern District of Texas.

Default judgments are "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Correspondingly, "a 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). Further, proper service of process is a jurisdictional prerequisite to the entry of a default judgment. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999).

Here, each of the targets of Avdeef's motions for default judgment asserted both inadequate service of process and meritorious defenses to Avdeef's claims. Avdeef served process on the domestic defendants by certified mail, and on the foreign defendants by Federal Express. As the defendants note, under both the Federal Rules of Civil Procedure and the Texas Rules of Civil Procedure, a party is not permitted to serve process, even by mail. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint." (emphasis added)); Tex. R. Civ. P. 103 ("[N]o person who is *a party to or interested in the outcome of a suit* may serve any process in that suit . . . ." (emphasis added)). There is no exception for pro

upheld on appeal. *See Avdeef v. Rockline Indus., Inc.*, 404 F. App'x 844, 844–45 (5th Cir. 2010) (per curiam). These points also raise new allegations of judicial bias and improper influence by the *Rockline* parties in the instant matter. To the extent Avdeef claims judicial impropriety here, he has waived such a claim by failing to petition for recusal under 28 U.S.C. § 144. *See Avdeef*, 404 F. App'x at 845.

se litigants. *See, e.g.*, *Shabazz v. City of Hous.*, 515 F. App'x 263, 264 (5th Cir. 2013) (per curiam). Additionally, as this circuit has interpreted the Hague Convention, service by mail on a foreign defendant does not satisfy Federal Rule of Civil Procedure 4(f). *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 383–85 (5th Cir. 2002). Moreover, in their responses, each defendant contended that Avdeef's complaint failed to state any claims upon which relief could be granted.[6] In view of the above, coupled with Avdeef's threadbare briefing and our general policy disfavoring default judgments, we perceive no abuse of discretion in the district court's refusal to enter default.

## B. The Denial of Avdeef's Motion for Sanctions

Although Avdeef makes no direct argument that the district court erred in denying his motion for sanctions, he accuses the district court of complicity in opposing counsel's violations of local rules of procedure and the rules of professional conduct. Avdeef's motion for sanctions centered on his allegation that counsel for RBS Citizens misled the court by "answering" Avdeef's complaint on behalf of RBS PLC. RBS Citizens responded that its counsel had not suggested that the firm was representing RBS PLC, but rather had properly and ethically notified the court of deficiencies in service on RBS PLC. Beyond conclusory allegations of bias and conspiracy, Avdeef provides no reason to find the district court abused its broad discretion in denying his motion for sanctions. *See Haase*, 748 F.3d at 630–31. We therefore affirm.

## C. The Dismissal of Avdeef's Claims Against All Defendants

Avdeef mounts a scattershot attack on the district court's judgment dismissing his claims against all defendants. We first address the district court's conclusion that the *Rooker–Feldman* doctrine bars all of Avdeef's

---

[6] To the extent that Avdeef claims error in the district court's willingness to permit the defendants to file motions to dismiss before answering Avdeef's complaint, he overlooks that this order of pleadings is expressly authorized by Rule 12(b).

claims, as this matter is jurisdictional. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 381–82 (5th Cir. 2013). We then proceed to the district court's alternative determination that Avdeef's complaint fails to state a claim upon which relief can be granted, bearing in mind that we may affirm the judgment below on any ground supported by the record. *Sobranes Recovery Pool I, LLC v. Todd & Hughes Constr. Corp.*, 509 F.3d 216, 221 (5th Cir. 2007).

### 1.    *The* Rooker–Feldman *Doctrine*

The *Rooker–Feldman* doctrine occupies "narrow ground": it bars only "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This Court has observed that "[a] state court judgment is attacked for purposes of Rooker–Feldman when the [federal] claims are 'inextricably intertwined' with a challenged state court judgment, or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment." *Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (second alteration in original) (citations  and internal quotation marks omitted). However, *Rooker–Feldman* "does not preclude federal jurisdiction over an 'independent claim,' even 'one that denies a legal conclusion that a state court has reached.'" *Id.* (quoting *Exxon*, 544 U.S. at 293). Indeed, the doctrine "generally applies only where a plaintiff seeks relief that directly attacks the validity of an existing state court judgment." *Id.* If the plaintiff claims damages for injuries caused by the defendants' actions—even those occurring during litigation—rather than injuries arising from a state-court judgment itself, the federal suit is not barred by *Rooker–Feldman. See Truong*, 717 F.3d at 383.

No. 14-11039

We conclude that this case does not fall within the limited set of matters subject to *Rooker–Feldman*. Critically, Avdeef's complaint seeks relief *other than* review and reversal of the adverse state-court judgment: he requests damages for alleged constitutional violations and torts committed by the parties to the state-court action. This relief does not "directly attack[] the validity of an existing state court judgment." *Weaver*, 660 F.3d at 904. Relatedly, the source of Avdeef's injuries, according to his complaint, is not the state judgment but the allegedly unlawful conduct of his adversaries. *See Truong*, 717 F.3d at 383. The mere fact that Avdeef's claims appear to be "inextricably intertwined" with the state-court judgment is not enough to invoke *Rooker–Feldman*'s jurisdictional bar. *See id.* at 384–85. Thus, we turn to the district court's alternative grounds for dismissal.

### 2.    The Claims Against Judge Chupp and the State of Texas

The district court accepted the magistrate's recommendation that Judge Chupp was entitled to absolute judicial immunity and the State of Texas was entitled to sovereign immunity. On appeal, Avdeef cites no authority in support of his position that immunity is unavailable to these defendants, relying instead on conclusory allegations of bribery and a conspiracy to alter state-court records. Given that judges are entitled to absolute immunity for all actions taken in their judicial capacity, *even when allegedly rooted in malice and corruption, Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005), we find no error in the district court's dismissal of the claims against Judge Chupp.[7]

---

[7] Avdeef makes no effort to argue that Judge Chupp's actions were "nonjudicial" in nature or were taken "in the complete absence of all jurisdiction," as required to overcome judicial immunity. *See Ballard*, 413 F.3d at 515. We also note that while absolute immunity shields Judge Chupp against Avdeef's claims for money damages, prospective injunctive relief is theoretically available to Avdeef under *Ex Parte Young*, 209 U.S. 123 (1908). This observation is of no matter, however, as Avdeef has not stated a claim for prospective injunctive relief against Judge Chupp individually. Setting aside his conclusory allegations of bias and corruption, Avdeef's sole claim against Judge Chupp arises from the contempt

11

Likewise, as the Eleventh Amendment confers immunity on "an unconsenting State," *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), and the State of Texas has not waived its sovereign immunity for claims "based on an act or omission of a court of this state or any member of a court of this state acting in his official capacity," Tex. Civ. Prac. & Rem. Code § 101.053, we agree with the district court that Avdeef's claims against the state must fail.

### 3.    The FDCPA Claims Against All Defendants

The magistrate summarily recommended that the district court dismiss Avdeef's claims under the FDCPA for failing to state a claim upon which relief could be granted. Avdeef's complaint alleges, in relevant part:

> Through blatant acts of perjury and falsification of evidence made known to, and openly supported by State District Court Judge John P. Chupp, the Defendants have maliciously violated the Federal Fair Debt Collection Practices Act to directly and openly avoid the overriding Federal Statute that would have properly dismissed the State District Court civil litigation for lack of standing.

Even construing Avdeef's pleadings liberally, as we must, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), we cannot perceive a claim for relief under the FDCPA. At most, Avdeef charges the defendants with seeking to *avoid* application of the FDCPA, which he claims—without authority—would have

---

hearing in which Judge Chupp allegedly threatened Avdeef with arrest. In response to the State of Texas's motion to dismiss, Avdeef attached the state-court transcript memorializing the exchange in question. The transcript reflects that Judge Chupp was simply informing Avdeef of the consequences of disobeying a court order—and, contrary to Avdeef's claim that Judge Chupp sought to thwart his efforts to perfect an appeal, Judge Chupp actually encouraged Avdeef to file an appeal. The district court could properly review these official records on a motion to dismiss. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

deprived the state court of jurisdiction over the collection suit.[8] Accordingly, we find no reversible error in the dismissal of Avdeef's FDCPA claims.

### 4.    *The State-Law Claims Against All Defendants*

The magistrate's general recommendation that the district court dismiss Avdeef's "other causes of action against the non-state Defendants" under Rule 12(b)(6) apparently encompassed Avdeef's state-law defamation claims. Again, Avdeef makes no legal argument as to why his state-law claims survive dismissal. The defendants point out that to state a claim for defamation under Texas law, Avdeef must establish that the defendants (1) published a statement, (2) that was defamatory concerning the plaintiff, (3) while acting with at least negligence regarding the truth of the statement. *See WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Avdeef's complaint summarily accuses all defendants of "creat[ing] a public court record that improperly slanders and defames Plaintiff well outside of the confines of the State of Texas." The only specific statement identified in the complaint is Judge Chupp's alleged threat of arrest in reference to Avdeef's contempt of court—a statement made during the course of judicial proceedings that cannot be attributed to any other defendant. Even on a liberal reading of Avdeef's pleadings, the elements of a state-law defamation claim cannot be discerned. Moreover, we note that under Texas law, "[c]ommunications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made." *James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982). We therefore affirm the dismissal of Avdeef's state-law claims as well.

---

[8] The Fort Worth Court of Appeals rejected this contention on direct appeal, *Avdeef v. RBS Citizens*, 2012 WL 6632754, at \*3–4, and Avdeef makes no new legal argument here.

### 5.    *The § 1983 Claims Against the Private-Party Defendants*

The magistrate concluded, and the district court agreed, that Avdeef's § 1983 claims against the private-party defendants failed to plead with the requisite plausibility the "under color of state law" element of the cause of action. A non-state actor may be found to have acted "under color of state law," and therefore be subject to liability under § 1983, "if he or she is a 'willful participant in joint activity with the State or its agents.'" *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). To support § 1983 liability on a theory of conspiracy, the plaintiff "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights." *Id.* (citations omitted).

Only Avdeef's second and third causes of action—asserting violations of the FDCPA and violations of local rules and ex parte communications directed at perpetrating a fraud on the court—make any allegation even approximating a conspiracy. However, as the magistrate accurately observed, Avdeef's pleadings make no specific factual contentions regarding the nature of the conspiracy or the participants' roles in the same. Further, Avdeef's pleadings do not identify any federally protected interest of which the defendants' actions deprived him. *See Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001) (per curiam) ("To bring a procedural due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest."); *cf. Phelan v. Norville*, 460 F. App'x 376, 380–82 (5th Cir. 2012) (affirming the dismissal of a pro se § 1983 due process claim for failure to identify an infringed federal right). Avdeef makes no legal argument on appeal, resting instead on his conclusory charges that a conspiracy existed. Even accounting for Avdeef's pro se status, we agree with the district court that Avdeef's

complaint fails to permit "the reasonable inference that the defendant[s] [are] liable for the misconduct alleged," and therefore remains "speculative" rather than "plausible." *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

## D.    The Denial of Leave to Amend Avdeef's Complaint

Avdeef's final claim of error relates to the district court's refusal to grant him leave to amend his complaint. The district court denied Avdeef leave to amend on grounds of futility, concluding that the proposed amended complaint neither "resolve[d] the issues of subject-matter jurisdiction" nor "state[d] a claim upon which relief may be granted." As noted above, Avdeef's proposed amendments were limited to the addition of a § 1983 cause of action against court reporter Tina Fett for conspiring with all other defendants to alter the transcript of the proceedings in violation of Avdeef's Fourteenth Amendment right to due process of law.

The Federal Rules of Civil Procedure mandate that leave to amend be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "it is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). Amendment is futile if the new complaint "could not survive a motion to dismiss," *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010), a determination of law that we review de novo, *City of Clinton*, 632 F.3d at 152.

We find no reversible error in the district court's determination that Avdeef's proposed amended complaint would not survive a motion to dismiss. The deficiencies in Avdeef's original six causes of action remain, *see supra* Part III(C), and the new, seventh cause of action fails to state a claim under Rule 12(b)(6) standards. As with Avdeef's original § 1983 claims, *see supra* Part III(C)(5), the new cause of action fails to allege a conspiracy with the required specificity and plausibility, *see Cinel*, 15 F.3d at 1343, and neglects

No. 14-11039

to identify a discrete interest protected by federal law, *see Baldwin*, 250 F.3d at 946–47. Indeed, the only relevant factual allegation Avdeef makes is that the transcript was doctored to remove his "complete oral argument pertaining to [his] civil litigation against ROCKLINE industries in regard to [his] minor child's Burkholderia Cepacia bacteriological infection." Given that the hearing in question pertained to a state civil-collection matter entirely unrelated to Avdeef's federal personal-injury suit against Rockline, there is no reasonable basis to infer that the complained-of conduct violated Avdeef's right to due process of law. *See Phelan*, 460 F. App'x at 381–82; *cf. Villanueva v. McInnis*, 723 F.2d 414, 418–19 (5th Cir. 1984) ("[I]t remains necessary [for § 1983 liability] to prove an actual deprivation of a constitutional right; a conspiracy to deprive is insufficient.").

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.